**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN WILCOX,

Plaintiff,

v.

Case No. 1:23-cv-01165-MIS-DLM

ALISHA TAFOYA LUCERO, Secretary of New Mexico Corrections Department; TIM HATCH, Former Warden of Central New Mexico Correctional Facility; JESSICA VIGIL RICHARDS, Warden of Central New Mexico Correctional Facility; KRYSTAL RIVERA, Deputy Warden of Central New Mexico Correctional Facility; CHERYL DURAN, Central New Mexico Correctional Facility Unit Manager; CARL WILKEN, Deputy Warden of Central New Mexico Correctional Facility; and CATHERINE AHRING, General Counsel/New Mexico IPRA Paralegal,

Defendants.

**ORDER ADOPTING IN PART, MODIFYING IN PART, AND REJECTING IN PART PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on the Proposed Findings and Recommended Disposition Regarding Defendant's Motion for Summary Judgment issued by United States Magistrate Judge Damian L. Martinez on September 11, 2026. ECF No. 66 ("PFRD"). Defendants filed Objections on September 16, 2026. ECF No. 67. Plaintiff filed a Response to the PFRD on September 28, 2026. ECF No. 68. Upon review of the PFRD, the Parties' submissions, the record, and the relevant law, the Court will **ADOPT IN PART, MODIFY IN PART, AND REJECT IN PART** the PFRD, **GRANT** Defendants' Motion for Summary Judgment and for Qualified Immunity, and **REFER** the remaining claim to Judge Martinez for a settlement conference.

## I. Background

Because no Party objects to Judge Martinez's recitation of the relevant procedural background of this case, the Court repeats it here for consistency.

> Plaintiff John Wilcox is an inmate in the custody of the New Mexico Corrections Department (NMCD). Proceeding pro se, he filed his original civil rights complaint under 42 U.S.C. § 1983 on December 15, 2023. (Doc. 1.) On March 7, 2025, he filed an amended civil rights complaint (the Amended Complaint) under § 1983, which is the operative pleading. (Doc. 15.)
>
> In the Amended Complaint, Plaintiff asserts six claims. (Id.) In Claim I, he alleges that NMCD officials, including Secretary Alisha Tafoya Lucero and wardens and staff at the Geriatrics Unit at Central New Mexico Corrections Facility (CNMCF), implemented and enforced a policy prohibiting inmates from receiving books and magazines by mail, resulting in the rejection of issues of Prison Legal News (PLN) and Criminal Legal News (CLN), to which he subscribed. (Id. at 14–16.) He contends this policy violated his First Amendment rights and that Defendants deprived him of Fourteenth Amendment due process by failing to forward mail rejections to the Publication Review Panel for review. (Id. at 15.)
>
> In Claim II, Plaintiff alleges that Deputy Warden Sanchez, Unit Manager Phillip DeHerrera, and Classification Bureau Chief Hope Salazar retaliated against him for filing grievances by transferring him from the Geriatrics Unit at CNMCF to the Northeast New Mexico Corrections Facility (NENMCF) in August 2020. (Id. at 16–19.) He further claims this transfer violated the Equal Protection Clause because other similarly situated inmates were not transferred instead. (Id. at 18.)
>
> In Claim III, Plaintiff alleges that the same officials transferred him to NENMCF in August 2020 while he was undergoing medical treatment, thereby interfering with prescribed medical care and aggravating his medical conditions, in violation of the Eighth Amendment. (Id. at 19–21.)
>
> In Claim IV, Plaintiff alleges that his subsequent transport back to the Geriatrics Unit at CNMCF in April 2021 subjected him to cruel and unusual punishment because the transport vehicle lacked seatbelts and had faulty suspension, causing him severe pain due to pre-existing back and hip conditions. (Id. at 21–23.) He attributes responsibility for these injuries to Sanchez, DeHerrera, and Salazar. (Id. at 23.)
>
> In Claim V, Plaintiff alleges that upon his return to the CNMCF in April 2021, he was placed in an unsanitary quarantine cell for five days. (Id. at 23–26.) He further alleges that he was denied cleaning supplies and access to his prescribed medications during this period in violation of the Eighth Amendment. (Id. at 24–

> 25.) Plaintiff attributes responsibility to Deputy Warden Carl Wilken, asserting that Wilken failed to inspect the unit, implement a cleaning program, or ensure staff provided medications and cleaning supplies. (Id. at 24.)
>
> Finally, in Claim VI, Plaintiff asserts a statutory cause of action under IPRA, alleging that NMCD Office of General Counsel paralegal Catherine Ahring failed to provide a written response or explanation for denial of his September 2020 records request as required by IPRA. (Id. at 26–28.)
>
> Defendants moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a plausible constitutional violation and that qualified immunity applies. (Doc. 22.) The undersigned, having concluded that a Martinez Report was necessary to develop the factual record before resolving the motion, denied the motion to dismiss and ordered Defendants to file a Martinez Report. (Doc. 45.)
>
> Defendants timely complied on January 7, 2026 (Doc. 49), Plaintiff responded to the Martinez Report on February 27, 2026 (Doc. 54), and Defendants filed a reply on March 11, 2026 (Doc. 55). In addition, Defendants filed the present SJ Motion (Doc. 53) on January 26, 2026.

PFRD at 2-4 (footnotes omitted).

Because no Party objects to Judge Martinez's recitation of the relevant undisputed facts, the Court repeats it here for consistency. Only the facts relevant to Claim I are pertinent to this Order.

> **C. Facts Related to Plaintiff's Access to Publications.**
>
> NMCD Policy CD-150200 § D(3) provides that
>
>> [i]nmates may acquire books, magazines, and newspapers directly from an approved vendor or publisher, not to exceed the allowable quantity as per institutional custody limitation. Nudity, pornography, and/or gang-related materials are prohibited. Violation of this process will result in disciplinary action and loss of privileges in ordering publications. If technological options become available for purchasing publications, mail orders will no longer be allowed.
>
> (Doc. 49-5 at 6.) The "allowable quantity" of books, magazines, and newspapers is "limited by the . . . physical plant of the institutions." (See id. at 3 (NMCD Policy CD-150200, Definitions, § L).) An inmate classified at Levels I-III is permitted to retain only three magazines at a time as personal property. (See id. at 16.)

> Plaintiff paid for subscriptions to PLN and CLN, which are published monthly by the Human Rights Defense Center, and received them in his mail from the publisher. (See Doc. 15 at 14.) Claim I is based on NMCD's rejection of CLN and PLN in his mail. (See id.) On March 10, 2022, Plaintiff's copy of CLN was rejected and Plaintiff received a "Mail Rejection Notice" stating "Newspapers/magazines prohibited." (Doc. 33 at 7.) On July 19, 2022, Plaintiff received a mail rejection notice that his copy of PLN was rejected because the Publication Review Panel had determined that the item was an "[u]nauthorized item: publication." (Id. at 5.) The comments section of the notice read: "Publications no[]longer allowed.") (Id.)
>
> The library at CNMCF carries PLN and CLN. (See Doc. 49-14 at 1.) In addition, full issues of CLN are available on Human Rights Defense Counsel's web site. (See Doc. 54 at 46.)

Id. at 15-16.

On January 26, 2026, Defendants filed a Motion for Summary Judgment and for Qualified Immunity. ECF No. 53. Plaintiff filed a Response on March 20, 2026, ECF No. 58, to which Defendants filed a Reply on April 8, 2026, ECF No. 59.

On March 20, 2026, Plaintiff filed a Motion to Dismiss Defendants from Plaintiff's Case, asking the Court to "dismiss the Defendants from the Plaintiff's civil rights complaint and award the Plaintiff the damages he is seeking" on the basis that Defendants are unnecessarily referring to "Plaintiff's criminal charges in their documents." ECF No. 57 at 1-2. Defendants filed a Response on April 8, 2026, ECF No. 61, to which Plaintiff did not reply.

On September 11, 2026, Judge Martinez issued the instant PFRD. ECF No. 66. First, he recommends denying Plaintiff's Motion to Dismiss, assuring Plaintiff "that the Court paid no heed to the underlying criminal charges when considering his civil rights complaint." Id. at 18. Next, Judge Martinez recommends "dismissing all claims against the Defendants in their official capacities." Id. at 20. Finally, Judge Martinez recommends granting Defendants' Motion for

Summary Judgment as to Claims II through VI, but denying the Motion as to Claim I. Id. at 24-47.

On September 16, 2026, Defendants filed Objections to the PFRD's recommendation to deny the Motion as to Count I. ECF No. 67.

On September 28, 2026, Plaintiff filed a Response to the PFRD stating that he agrees with the findings and recommendation as to Count I, and that he "chooses not to appeal Claims 2-6" because he "wishes to put this case to rest if a reasonable settlement agreement can be reached with the Defendants as to Plaintiff's Claim No. 1." ECF No. 68 at 1-2.

## II. Legal Standards

### a. Proposed findings and recommended disposition

A district judge may refer a dispositive motion to a magistrate judge for proposed findings of fact and recommended disposition. 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1). The failure to make timely objections to a Magistrate Judge's PFRD waives appellate review of both factual and legal questions. United States v. 2121 East 30th Street, 73 F.3d 1057, 1059 (10th Cir. 1996).

### b. Summary judgment

Rule 56 of the Federal Rules of Civil Procedure allows a court to grant summary judgment when the evidence submitted by the parties establishes that no genuine issue of material fact exists

and the moving party is entitled to judgment as a matter of law. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the nonmovant is required to point the court to record evidence of facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). A fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id.* at 248. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the nonmovant must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [their] case in order to survive summary judgment." Johnson v. Mullin, 422 F.3d 1184, 1187 (10th Cir. 2005) (quoting McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998)).

It is not the court's role to weigh the evidence or assess the credibility of witnesses in ruling on a motion for summary judgment. See Daniels v. United Parcel Serv., Inc., 701 F.3d 620, 627 (10th Cir. 2012), abrogated on other grounds by Muldrow v. City of St. Louis, 601 U.S. 346, 355 (2024). Rather, the court resolves all doubts against the movant, construes all admissible evidence in the light most favorable to the nonmovant, and draws all reasonable inferences in favor of the nonmovant. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999); see also Garrison v. Gambro, Inc., 428 F.3d 933, 935 (10th Cir. 2005). However, summary judgment may nevertheless be

granted where "the evidence is merely colorable, or is not significantly probative." Liberty Lobby, 477 U.S. at 249-50 (internal citations omitted).

### c. Qualified immunity

The doctrine of qualified immunity protects government officials from suit unless their actions violate a "clearly established" statutory or constitutional right. City of Escondido v. Emmons, 586 U.S. 38, 42 (2019) (quoting Kisela v. Hughes, 584 U.S. 100, 104 (2018)). A right is clearly established only when, at the time of the challenged conduct, "the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." Plumhoff v. Rickard, 572 U.S. 765, 778-79 (2014).

"A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008) (citation and quotation marks omitted); see also District of Columbia v. Wesby, 138 S. Ct. 577, 289–90 (2018) ("The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority." (internal citations and quotation marks omitted)). Although the plaintiff is not required to identify a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." Kisela, 584 U.S. at 104 (quoting White v. Pauly, 580 U.S. 73, 78-79 (2017)). Clearly established law cannot be defined "at a high level of generality"; rather, it must be particularized to the facts of the case. Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011); see Anderson v. Creighton, 483 U.S. 635, 640 (1987). But "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Quinn v. Young, 780 F.3d 998, 1005 (10th Cir. 2015) (quoting Cortez v. McCauley, 478 F.3d 1108, 1115 (10th Cir.

2007)). The dispositive question is whether the unlawfulness of the official's actions was apparent in light of pre-existing law. Anderson, 483 U.S. at 640.

When a defendant asserts qualified immunity at the summary judgment stage, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right, and (2) the constitutional right was clearly established." Kapinski v. City of Albuquerque, 964 F.3d 900, 905 (10th Cir. 2020) (quoting Koch v. City of Del City, 660 F.3d 1228, 1238 (10th Cir. 2011)). The court may address these two inquiries in any order. Pearson v. Callahan, 555 U.S. 223, 236 (2009); McCowan v. Morales, 945 F.3d 1276, 1282 (10th Cir. 2019). If the plaintiff fails to satisfy either test, the court must grant qualified immunity. McCowan, 945 F.3d at 1282 (quoting Est. of Ceballos v. Husk, 919 F.3d 1204, 1212–13 (10th Cir. 2019)). If the plaintiff succeeds, then—and only then—does the defendant bear the traditional burden of the movant for summary judgment. Kapinski, 964 F.3d at 905.

## III. Discussion

Defendants object to the PFRD's recommendation to deny their Motion for Summary Judgment as to Claim I. ECF No. 67. Plaintiff does not object to the PFRD's findings and recommendations but wishes to engage in settlement discussions with Defendants as to Claim I. ECF No. 68 at 1-2. For the reasons that follow, the Court will sustain Defendants' objections.

### a. Motion to Dismiss

The PFRD recommends denying Plaintiff's Motion to "'[D]ismiss the Defendants from the Plaintiff's civil rights complaint and award the Plaintiff the damages he is seeking' on the basis that Defendants are unnecessarily referring to 'Plaintiff's criminal charges in their documents.'" ECF No. 66 at 17 (quoting Mot. to Dismiss at 1-2, ECF No. 57).

No Party objected to this finding and recommendation.

The Court agrees that dismissal (or entering default) against Defendants is improper and adopts Judge Martinez's recommendation.

**b. Official Capacity Claims**

The PFRD recommends dismissing all claims asserted against Defendants in their official capacity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."[1] Id. at 19 (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Consequently, it is barred by Eleventh Amendment immunity. Id.

No Party objected to this recommendation.

The Court agrees that the claims against Defendants in their official capacity should be dismissed without prejudice and adopts Judge Martinez's recommendation. See Colby v. Herrick, 849 F.3d 1273, 1278 (10th Cir. 2017) (holding that dismissal of official capacity claims based on Eleventh Amendment immunity is jurisdictional and should have been without prejudice).

**c. Motion for Summary Judgment**

The PFRD recommends denying the Motion for Summary Judgement as to Claim I but granting it as to Claims II through VI. ECF No. 66 at 20-47.

The PFRD observes that Claim I alleges two separate First Amendment violations. ECF No. 66 at 20. In Claim I(A), Plaintiff alleges that Defendants Tafoya Lucero, Hatch, Vigil Richards, Rivera, Wilken, and Duran violated his First Amendment rights by "verbally announcing" a "policy that inmates cannot receive books, magazines or newspapers in their

---

[1] The PFRD acknowledges that "[a] narrow exception to this rule applies when a plaintiff seeks prospective relief rather than money damages[,]" id. at 19-20 (citing Gays Against Groomers v. Garcia, 169 F.4th 981, 993 n.10 (10th Cir. 2026), but that exception does not apply here because Plaintiff does not seek prospective injunctive relief, id. at 20.

incoming correspondence" even when sent directly from the publisher. Id. (quoting Am. Compl. at 14). In Claim I(B), Plaintiff alleges Defendants deprived him of due process when they rejected certain issues of PLN and CLN. Id.

For the reasons that follow, the Court finds that Defendants are entitled to summary judgment as to Claims I(A) and II through VI. The Court will order the Parties to attend a settlement conference with Judge Martinez as to Claim I(B). Should the Parties fail to settle Claim I(B), the Court will permit Defendants to file a second motion for summary judgment limited to that claim.

**1. Claim I(A)**

As to Claim I(A), Judge Martinez found that "[i]nmates have a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." Id. at 20 (quoting Jacklovich v. Simmons, 392 F.3d 420, 426 (10th Cir. 2004)). Judge Martinez further found Defendants were not entitled to qualified immunity because

> it was clearly established well before Plaintiff's publications were rejected that determining whether limitations on the right to publications were constitutional required balancing "the constitutional rights retained by inmates and those who send them publications against the deference owed to prison authorities when it comes to prison administration" through the Turner test,[2] which rests on a basic premise: "'when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."

[2] The Turner test "requires a look at (1) whether a valid and rational connection exists between the regulation and the asserted legitimate governmental interest, (2) whether alternative means of exercising the constitutional right remain available to inmates, (3) any effect accommodating the right would have on guards and inmates, and (4) the absence of ready alternatives." Jacklovich, 392 F.3d at 426 (citing Turner v. Safley, 482 U.S. 78, 84-85 (1987)).

Id. at 21 (quoting Jacklovich, 392 F.3d at 426 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987))). Judge Martinez further found that Defendants failed to establish that restricting Plaintiff's access to publications is reasonably related to legitimate penological interests. Id. at 22-24.

In their Objections, Defendants argue that the PFRD "applies qualified immunity at too high a level of generality and effectively reverses Plaintiff's burden." ECF No. 67 at 2. They argue that the relevant question "is whether existing precedent placed a reasonable prison official on notice that restricting an inmate's personal receipt and possession of publications violates the First Amendment when those same publications remain reasonably available to the inmate through the prison library[,]" id., and "Plaintiff identified no such precedent[,]" id.; see also id. at 3-8. They argue that "[t]he fact-specific nature of the Turner inquiry does not supply clearly established law; if anything, it confirms that the constitutionality of the particular restriction was not beyond debate." Id. at 2. Defendants further argue that Claim I(A) fails because it "is asserted against individual NMCD Defendants, yet Plaintiff produced no evidence connecting those Defendants to the alleged unwritten policy or regarding their state of mind." Obj. at 2; see also id. at 8-10.

The Court agrees with Defendants that the PFRD defines clearly established law at too high a level of generality. In the Court's view, the relevant inquiry is whether existing precedent clearly established that prison officials violate an inmate's First Amendment right to receive information while in prison when they restrict the inmate's personal receipt and possession of publications that remain reasonably accessible through the prison library. The Court finds that Plaintiff failed to identify any such precedent, and the Court has found none. See Jones v. Salt Lake County, 503 F.3d 1147, 1156-57 (10th Cir. 2007) (finding that county jail's policy of prohibiting inmates from ordering paperback books from the outside did not violate inmates' First Amendment rights because they "have alternative means of obtaining reading material because

they can obtain books from the jail library"). Therefore, the Court finds that Defendants are entitled to summary judgment as to Claim I(A).

**2. Claim I(B)**

In Claim I(B), Plaintiff alleges that Defendants "did not forward any of the Plaintiff's NMCD Mail Rejections to the Publication Review Panel Determination for final determination if Mail Rejections are justified and give reason[s] for rejections from December of 2021 until September of 2024, not affording Due Process." PFRD at 66 (quoting Am. Compl. at 15).

In the PFRD, Judge Martinez found that Defendants failed to address this claim in their Motion for Summary Judgment, and, consequently, failed to meet their summary judgment burden. ECF No. 66 at 25.

In their Objections, Defendants urge the Court to consider this claim notwithstanding their failure to include it in their Motion for Summary Judgment. ECF No. 67 at 11. The Court declines the invitation but will permit them to file a second motion for summary judgment limited to Claim I(B), if the Parties should fail to reach a settlement.[3]

**c. Claims II through VI**

The PFRD finds that Defendants are entitled to qualified immunity as to Claim II, ECF No. 66 at 25-30; the Defendants named in Claims III and IV are entitled to summary judgment because they either were not involved in, or are entitled to qualified immunity on, those claims, id. at 31-34; Claim IV fails for the additional reason that Plaintiff failed to exhaust available administrative remedies, id. at 31, 34-37; Defendant Wilken is entitled to qualified immunity as to Claim V, id. at 37-44; and Defendant Ahring is not the proper Defendant for the IPRA claim asserted in Claim VI,

[3] The Court's Standing Order Regarding Motions for Summary Judgment and Motions in Limine, which limits parties to filing one motion for summary judgment, is **VACATED** in part and solely to permit Defendants to file a motion for summary judgment on Claim I(B), should the Parties fail to settle.

id. at 44-47. Judge Martinez recommends that these claims be "dismissed." Id. at 27-28, 34, 37, 43-44, 46, 47.

No Party objected to these findings or recommendations.

The Court agrees with Judge Martinez's analysis of Claims II through VI and adopts it with one modification: the Court is not "dismissing" any claims, it is granting Defendants summary judgment on those claims.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Proposed Finding and Recommended Disposition Regarding Defendants' Motion for Summary Judgment, ECF No. 66, is **ADOPTED IN PART, REJECTED IN PART, AND MODIFIED IN PART**;
2. NMCD Defendants' Motion for Summary Judgment and Qualified Immunity, ECF No. 53, is **GRANTED**;
3. Defendants are entitled to **SUMMARY JUDGMENT** as to Counts I(A), and II through VI;
4. Claim I(B) is referred to Judge Martinez for a settlement conference; and
5. Should the Parties fail to settle Claim I(B) during the settlement conference, Defendants shall have **FOURTEEN DAYS** after the settlement conference to file a motion for summary judgment on Count I(B).

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE